UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:17-cv-7447-BRM-LHG |
| NICHOLAS MORALES, JR., | : | **OPINION** |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant's Nicolas Morales, Jr.'s ("Morales") Motion to Dismiss the Complaint. (ECF No. 29).[1] The United States of America ("United States") opposes the Motion. (ECF No. 30.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

For the purposes of the Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Morales. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document

---

[1] The Motion to Dismiss will be treated as a Motion for Judgment on the Pleadings because Defendant filed a Motion to Dismiss after it filed an Answer. "If a defendant files a motion to dismiss after it has already filed an answer, as is the case here, 'the motion must be considered a Rule 12(c) motion.'" *Tri-Arc Fin. Servs., Inc. v. Evanston Ins. Co.*, No. 16-2681, 2016 WL 7178419, at *2 (E.D. Pa. Dec. 8, 2016), *aff'd*, 725 F. App'x 97 (3d Cir. 2018) (quoting *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). Regardless, whether the Court considers the Motion as brought pursuant to Rule 12(b)(6) or Rule 12(c), the standard is identical. *Newton v. Greenwich Twp.*, No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012).

*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

On September 25, 2017, the United States filed a Complaint seeking to recover a judgment on several federal tax assessments made against Morales in the amount of $415,508.08, relating to tax years 2009 through 2015. (ECF No. 1.) A delegate of the Secretary of the Treasury made assessments against Morales for federal income taxes as follows:

| Tax Type | Tax Period Ending | Date of Earliest Assessment | Amount of Earliest Assessment | Outstanding Balance[1] (as of 07/03/2017) |
|---|---|---|---|---|
| Income Form 1040 | 12/31/2009 | 11/22/2010 | $39,824 | $49,943.98 |
| Income Form 1040 | 12/31/2010 | 07/03/2017 | $45,550 | $80,128.08 |
| Income Form 1040 | 12/31/2011 | 11/19/2012 | $44,998.00 | $65,664.26 |
| Income Form 1040 | 12/31/2012 | 11/18/2013 | $44,945.00 | $51,591.80 |
| Income Form 1040 | 12/31/2013 | 11/24/2014 | $47,756.00 | $66,425.86 |
| Income Form 1040 | 12/31/2014 | 11/23/2015 | $46,230.00 | $61,432.20 |
| Income Form 1040 | 09/31/2015 | 11/21/2016 | $44,278.00 | $40,321.90 |
| **TOTAL** | | | | **$415,508.08** |

(*Id.* ¶ 6.) Morales was provided notice and a demand for payment of the assessments. (*Id.* ¶ 7.) Morales has failed to pay the full amount of the tax assessments. (*Id.* ¶ 9.) Interest and penalties have accrued and continue to accrue on the unpaid balance. (*Id.* ¶ 8.)

Morales filed an Answer on October 8, 2017. (ECF No. 3.) On December 28, 2017, Morales filed a petition for Chapter 7 bankruptcy. (ECF No. 6.) He was discharged from bankruptcy on March 27, 2018. (ECF No. 9.) On August 13, 2019, he filed the Motion to Dismiss currently before this Court. (ECF No. 29.) The United States opposes the Motion. (ECF No. 30.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, 2014 WL 4418059 (D.N.J. Sept. 8, 2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.") (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014)).

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at

3

228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

### III. DECISION

Morales argues the Complaint should be dismissed because it fails to allege facts necessary to support the position that his tax liabilities are excepted from any discharge he may have received as a result of his bankruptcy proceeding. (ECF No. 29.) Essentially, he contends he is not liable for the taxes at issue because they were discharged as a result of his bankruptcy discharge under 11 U.S.C. § 727. (*Id.*; ECF No. 17.) The United States argues it was not required to anticipate or overcome Morales's defense—that his taxes were excepted from discharge under 11 U.S.C. § 523(a)(1)(C)—in its Complaint. (ECF No. 30 at 5.) The Court agrees with the United States.

Under Rule 8, "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a[n affirmative defense]." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014) (citations omitted); *Bellevue Drug Co. v. Advance PCS*, No. 03-4731, 2004 WL 724490, at *2 (E.D. Pa. Mar. 2, 2004) ("A plaintiff need not anticipate probable defenses and respond to them in his complaint."). As such, the United States was not required to anticipate and rebut in its Complaint whether Morales' taxes may be excepted from discharge. This is particularly true in this matter, since Morales only raised this defense a year after the Complaint was filed as a result of his bankruptcy discharge.

Morales also contends the United States was required to challenge the discharge of his taxes during his bankruptcy proceeding. That is not true. Contrary to Morales's argument, the United States "did not have to object to his discharge to preserve its rights." *Console v. Comm'r*, 291 F. App'x 234, 237 (11th Cir. 2008). "The Bankruptcy Code clearly specifies that certain types of creditors must appear in the bankruptcy court and be specifically adjudicated by that court to be entitled to an exception from discharge. *See* 11 U.S.C. § 523(c)(1). The exception for tax fraud, § 523(a)(1)(C), is not among those listed in 523(c)." *Id.* The United States "may wait until the bankruptcy discharge is invoked as a defense to its collection efforts, and then prove a factual basis for the tax fraud exception in the collection proceedings." *Id.* Therefore, the United States may as it did here, wait until the bankruptcy discharge is raised as a defense to its collection efforts and then challenge the discharge. Because these are Morales's sole challenges to the Complaint and he does not contest the assessments or challenge the United States' compliance with the United States Code, his Motion to Dismiss is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, Morales's Motion to Dismiss is **DENIED**.

Date: September 12, 2019                    */s/ Brian R. Martinotti*
                                            **HON. BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**