**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> NICHOLAS MORALES, JR., : <br> : <br> Defendant. : | Case No. 3:17-cv-7447-BRM-LHG <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is: (1) a Motion by Plaintiff United States of America (the "United States") for Summary Judgment for Defendant Nicholas Morales, Jr.'s ("Defendant" or "Morales") unpaid federal income tax liabilities for the 2010, 2014, and 2015 tax years (ECF No. 43), and (2) a Motion by Morales for Summary Judgment. (ECF No. 44.) Morales filed an Opposition to the United States' Motion for Summary Judgment (ECF No. 48) and the United States filed an Opposition to Morales's Motion for Summary Judgment (ECF No. 47.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, the United States' Motion for Summary Judgment is **GRANTED** and Morales's Motion for Summary Judgment is **DENIED**.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from Morales's federal income tax liability for the 2010, 2014, and 2015 tax years. (ECF No. 43-4 at 2.) Morales filed federal income tax returns reporting a tax liability for those years and, based on these returns, a delegate of the Secretary of Treasury made income tax assessments against him as follows:

| Tax Type | Tax Period Ending | Assessment Date | Amount Assessed |
|---|---|---|---|
| Income | 12/31/2010 | 07/03/2017 | $45,550 |
| Income | 12/31/2014 | 11/23/2015 | $46,230 |
| Income | 12/31/2015 | 11/21/2016 | $44,278 |

(ECF No. 43-2 ¶¶ 4-5, *see* ECF No. 43-6, Ex. A at 3, 8, 12, ECF No. 43-7, Ex. B at 1, 3, 5.)

On each of the above listed assessment dates, the IRS sent Morales notice and demand for payment in the form of Certificates of Assessment. (ECF No. 43-6, Ex. A at 5, 9, 14.) Despite this, Morales failed to fully pay his federal income tax liabilities. (ECF No. 43-7, Ex. B at 1, 3, 5.) Additionally, interest has been assessed against Morales pursuant to 26 U.S.C. § 6601(a) and (b) from the date his liabilities became due at a rate set forth in 26 U.S.C. § 6621(b). (ECF No. 43-6, Ex. A at 3, 8, 13.) Further, due to Morales's failure to timely file his tax returns and pay his income taxes, the IRS assessed penalties against him under 26 U.S.C. § 6651. (*Id.*) As of December 2, 2019, Morales is indebted to the United States with respect to federal income taxes, penalties, and interest assessed against him as set forth below:

| Tax Type | Tax Period Ending | Outstanding Balance |
|---|---|---|
| Income | 12/31/2010 | $89,212 |
| Income | 12/31/2014 | $69,232 |
| Income | 12/31/2015 | $50,077 |
| **Total** | | **$208,521** |

(ECF No. 43-7, Ex. B at 1, 3, 5.)

On September 25, 2017, the United States filed a Complaint against Morales to reduce to

judgment federal income tax assessments made against him for tax years 2009 to 2015.[1] Morales filed an Answer to the Complaint on October 18, 2017. On February 7, 2020, the United States filed a Motion for Summary Judgment against Morales for the 2010, 2014, and 2015 tax years. (ECF No. 43.) On February 10, 2020, Morales filed a Motion for Summary Judgment. (ECF No. 44.) On March 2, 2020, the United States filed an Opposition to Morales's Motion for Summary Judgment. (ECF No. 47.) On March 4, 2020, Morales filed an Opposition to the United States' Motion for Summary Judgment. (ECF No. 48.) On March 11, 2020, the United States filed a Reply to Morales's Opposition. (ECF No. 49.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in

---

[1] On February 14, 2020, the Court entered a stipulation of dismissal as to the 2009, 2011, 2012, and 2013 tax years. (ECF No. 45.) As a result, the tax years that remain at issue are the 2010, 2014, and 2015 tax years.

his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION

#### A. The United States' Motion

The United States claims it is entitled to summary judgment because it has established a prima facie case of tax liability for the 2010, 2014, and 2015 tax years. (ECF No. 43-4 at 3.)

An assessment by the IRS is a determination that a taxpayer owes unpaid taxes to the United States. *U.S. v. For D'Italia, Inc.*, 536 F.2d 884, 886 (3d Cir. 1986). These assessments are entitled to a legal presumption of correctness and establish a prima facie case of tax liability. *Id.*, *Anastasto v. C.I.R.*, 794 F.2d 884, 886 (3d Cir. 1986). To overcome this presumption, the taxpayer must show by a preponderance of the evidence that the assessments are incorrect. *Sullivan v. U.S.*, 618 F.2d 1001, 1008 (3d Cir. 1980).

As of December 2, 2019, the United States assessed Morales for unpaid federal income taxes in the total amount of $208,521, including interest and penalties. (ECF No. 43-7, Ex. B at 1, 3, 5.) Despite receiving proper notice and demand, Morales has failed to pay his income tax liability. (ECF No. 43-6, Ex. A at 5, 9, 14.) As such, the United States has established prima facie of liability against Morales which is afforded a "legal presumption of correctness." *See U.S. v.*

*Wunder*, No. 16-9452, 2019 U.S. Dist. LEXIS 112230, at *8 (D.N.J. July 8, 2019) (finding a prima facie case of taxpayer liability where the United States showed evidence of a tax assessment and a taxpayer's failure to pay).

Morales does not offer any evidence to dispute the United States' assessment for the 2014 or 2015 tax years. (*See generally* ECF No. 48.) Therefore, he has failed to overcome the legal presumption of correctness for the IRS's tax assessment for those years. However, he contends the United States' claim against him for the 2010 tax year should not be entitled to the legal presumption of correctness because it is time barred. (*Id.* at 4.)

The IRS must assess taxes within 3 years after the return was filed. 26 U.S.C. § 6501(a). Any taxes assessed must be collected by levy or court proceeding within 10 years after the assessment of the tax. 26 U.S.C. § 6502(a)(1). Records indicate the United States received Morales's 2010 tax return on April 27, 2017. (ECF Nos. 43-6, Ex. A & 43-7, Ex. B.) Indeed, Morales attached a copy of his 2010 federal tax return that shows a stamp of the same date. (ECF No. 44-3 at 21.) The IRS assessed the federal income taxes against Morales on July 3, 2017, within three years of receiving the return. (ECF No. 43-3 ¶ 1.) Additionally, the United States commenced this court proceeding on September 25, 2017—within the ten-year window from the date of assessment. (ECF No. 1.) Therefore, the claim for the 2010 tax year is not time barred.

Finally, Morales contends the claim for the 2010 tax year should be dismissed because he filed his tax return "multiple times" prior to April 27, 2017 and, because of this, his tax liability should have been discharged as a result of his bankruptcy. (ECF No. 48 at 4.) However, Morales does not set forth evidence to support these arguments. The only argument Morales puts forth is that his 2010 Account Literal Transcript indicates "tax return secured" twice—once on June 26, 2014 and once on April 28, 2017. (ECF No. 43-7 at 2.) The first of these entries is for an incomplete

return the IRS received. (ECF No. 43-3 ¶ 5.) When Morales failed to complete the missing information, the IRS marked his account as "tax return not filed," on July 13, 2015—the next entry on the Account Literal Transcript. (ECF No. 43-7 at 2.) Additionally, the second of these entries supports the United States' position that it finally received Morales's 2010 federal income tax return on April 27, 2017. (*Id.*) Therefore, it is clear Morales only filed his completed 2010 tax return on April 27, 2017.

Based on the above, Morales has failed to overcome the legal presumption of correctness of the United States' tax assessments for the 2010, 2014, or 2015 tax years. As such, there is no genuine dispute of material fact that the United States has established Morales's tax liability for those years. Accordingly, the United States' Motion for Summary Judgment is **GRANTED.**

### B. Morales's Motion

Morales claims he is entitled to summary judgment because (1) the amount of outstanding tax liability is incorrect and (2) the United States violated the automatic stay of his bankruptcy. These arguments are unavailing.[2]

First, the United States submitted evidence demonstrating the amount accounted for in federal income taxes, interest, and penalties assessed against Morales. (*See* ECF Nos. 43-6 & 43-7.) Morales argues this amount is incorrect because of the discrepancy between those amounts and a passport certification notice he received. (ECF No. 44 at 3-4.) While there is a discrepancy, this is insufficient to create a genuine dispute of material fact as to the amount of tax liability Morales owes.

---

[2] This Court also notes Morales's failure to attach a statement of material facts warrants dismissal under Local Rule 56.1. However, given Morales's status as a *pro se* litigant, this Court will address the merits of the underlying Motion.

Finally, insofar as Morales argues about the United States' purported violation of the automatic stay of his bankruptcy, those arguments are irrelevant for the purpose of this Motion. Indeed, the bankruptcy court already denied Morales's request to find the IRS violated the automatic stay. (*See* ECF Nos. 13-15.) Accordingly, Morales's Motion for Summary Judgment is **DENIED**.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED,** and Morales's Motion for Summary Judgment is **DENIED**. And appropriate order will follow.


**Date: July 15, 2020**                                      */s/ Brian R. Martinotti*
                                                             **HON. BRIAN R. MARTINOTTI**
                                                             **UNITED STATES DISTRICT JUDGE**